McQuesten *v.* Sanford.

remedy, if any where, was in equity.    *Howard* v. *Howard,*
3 Met. 557.

*N. Wilson, pro se.*

--------

† McQUESTEN *versus* SANFORD.

To charge a carrier with the loss of personal ornaments packed in a trunk with
the baggage of the owner, it must satisfactorily appear that the trunk was
not rifled *after* it was so packed and *before* it reached the possession of the
carrier.

ON REPORT from *Nisi Prius,* HATHAWAY, J., presiding.

TROVER, to recover the value of a gold watch and chain,
gold breast pin, two gold rings and two gold cuff pins.

A demand of the property was admitted.

The defendant was captain and part owner of the steamer
Boston, running between Boston and Bangor.

Plaintiff, a married woman, introduced the deposition of John Allison, of Boston, who testified that she was at his house, in Boston, in June, 1853, and had a trunk with her, and left about the 17th of that month. She left his house in company with her daughter, to take the steamboat; she went down in a hack. He saw the trunk carried on board defendant's boat, by one acting under his orders; he could not say the trunk was locked when he last saw it, but he was guarding the baggage for some five minutes before it was taken on board, and if it had not been locked, he should probably have noticed it; it was not open.

She also introduced D. F. Leavitt, who testified that in June, 1853, he went to the Boston's wharf, at Bangor, to get his wife's and plaintiff's baggage; he took plaintiff's trunk from the baggage master; in taking it up by the handle on the top, he found it give a little and then saw the lid was held down by the straps, being unlocked and the catch or staple out. He did not open it but left it at plaintiff's house in the same condition he found it.

The plaintiff also testified that she packed her trunk the day before she took the boat, at Amesbury, and came from there to Boston by railroad. The articles sued for were put into a box and placed in the bottom of the trunk; it contained clothing, and a rack was in above, containing a music book and a shawl. At eleven o'clock of the day she left Boston, she unlocked her trunk and put some things on top, and then locked it again. At four o'clock the same afternoon, she left and went on board of the steamer. When the trunk was brought home, it was unlocked and the jewelry was all missing. The trunk seemed to have been overhauled and the box, in which the jewelry was placed, was near the top of the trunk.

The plaintiff also put into the case a description list of the articles in the trunk, alleged to have been lost, under § 5, c. 44, of Acts of 1853.

There was evidence, also, as to the value of the articles.

It was agreed that the full Court should decide upon the

admissibility of the testimony, much of it being objected to, and the effect of it, and enter judgment by nonsuit or default.

*Rowe & Bartlett,* for defendant, made several legal objections to the maintenance of this suit, which it is unnecessary to notice, as they were not involved in the decision. They also insisted that there was no proof of loss by the fault of defendant. Plaintiff's own statement, if received, rendered it probable that the trunk was rifled before it reached the steamer.

There might have been opportunity at Amesbury after it was packed; on its way to Boston; after it arrived there, and before she opened it, for she made no examination there; and there was ample opportunity after she opened it, from eleven to four o'clock.

*Ingersoll,* for plaintiff.

TENNEY, J. — It is agreed by the parties in this case, that the Court may decide upon the admissibility of the testimony, &c., and the effect thereof; and enter a nonsuit or default, or give such other direction as the rights of the parties may require, upon the law and the evidence.

At about 11 o'clock, in the forenoon, at Boston, the plaintiff unlocked the trunk containing the articles alleged to have been lost, put some things on the top, without making any examination, or taking notice that it had an appearance different from that which it presented after it was packed at Amesbury, and then locked it. About four o'clock, in the afternoon of the same day, she went to the steamboat, and the trunk was taken on board by the direction of the defendant. During this interval of five hours, it may be inferred from the evidence, that the trunk was at Mr. Allison's, in Boston; but its situation, and want of exposure to be opened without the knowledge of the plaintiff, or any one interested, to have it kept in safety, is not at all shown. It does not appear that the plaintiff saw it during this time; and for aught which appears in the case, the contents could have

been taken from it with as much facility, and without her knowledge, as they could have been while they were in the defendant's charge. It is true, Mr. Allison saw the trunk when it was taken on board the boat, and he states, if it had not been locked he should probably have noticed it. But he could not say it was locked at that time, and the witness who received it of the baggage master at Bangor, testified that he took up the trunk by the handle on the top, found it give, and then saw that the lid was held down by the straps, that it was unlocked, and the catch or staple was out. From this evidence, it is manifest that the trunk might have been in the same condition when it was first taken by the defendant's order, and if it was then unlocked, Mr. Allison might not have noticed that it was so, more than did the other witness who received it afterwards.

The evidence fails, also, to make it certain that the trunk was not opened and rifled after it was packed at Amesbury, and before the plaintiff unlocked it at Boston. The jewelry might have been taken before her arrival, and the derangement of the remaining contents of the trunk escape her notice, when she made no examination on opening it.

The evidence of a tortious taking, while the goods lost were in the defendant's charge, is insufficient to satisfy us that he should be holden in this action, even if the legal grounds taken by the plaintiff's counsel, are correct. There is, therefore, no basis for a decision of the questions of law, which have been presented and discussed in argument.

*Plaintiff nonsuit.*